115 A.3d 302

## DARA BALTUSKONIS, PLAINTIFF, v. THE CITY OF WILDWOOD, DEFENDANT.

Superior Court of New Jersey
Law Division Cape May County

Decided February 18, 2015—Approved for Publication May 20, 2015.

*Dara Baltuskonis,* plaintiff pro se.

*Mary D'Arcy Bittner,* for defendant.

MENDEZ, A.J.S.C.

This matter comes before the court upon the application of plaintiff, challenging the city of Wildwood's ("Wildwood" or "the city") determination that the provision of Wildwood Ordinance No. 1008–14, adopted pursuant to *N.J.S.A.* 40A:4–45.15a, commonly known as a "cap bank" ordinance, is not subject to referendum. Plaintiff is a resident and taxpayer of Wildwood, a municipality whose government is organized pursuant to the Walsh Act, *N.J.S.A.* 40:70–1. Plaintiff brings this claim as a taxpayer challenging the validity of defendant's actions in denying a referendum vote on the passage of Wildwood Ordinance No. 1008–14.

For the reasons set forth in this opinion, the court finds that the "cap bank" portion of Ordinance No. 1008–14, which allows the government to bank and utilize permitted appropriations in future years, is not subject to referendum.

## FACTUAL AND PROCEDURAL HISTORY

Wildwood adopted Ordinance No. 1008–14 on July 9, 2014 by a unanimous vote of the Board of Commissioners ("Board"). The ordinance provides for a 3.5% increase in appropriations over the previous year's final appropriations. This allows the city to exceed the otherwise permissible budget limits. The ordinance also allows the city to use some or all of that 3.5% in the two years immediately following the current budget year, if it is not needed in the current year. This portion is referred to as a "cap bank" ordinance because it allows the governing body to "bank" the permission it was given to spend a certain amount of money in one year, but which was not actually spent, for use in a subsequent years. This permission to spend is added to the total amount permitted to be appropriated in the subsequent year. This effectively increases the amount of appropriations in one year beyond the percentage increase otherwise permissible in any one year. Each of these provisions is consistent with state law. The city presented testimony of a municipal finance expert that this is a

practice most municipalities engage in as part of the budget process, and it is considered good municipal budgeting.

A group of resident voters, including plaintiff, successfully gathered enough signatures and timely submitted a petition challenging the ordinance to the city clerk, who certified the petition. On August 13, 2014, the Board denied the petitioners' request to repeal the ordinance or submit it to a vote by referendum. The Board's decision was memorialized in Resolution No. 434–8–14, which states that as a matter of law the ordinance is not subject to a public referendum. Plaintiff appeals this decision claiming that the "cap bank" portion of the ordinance is a proper subject for referendum.

## DISCUSSION

### THE "CAP BANK" PROVISION OF ORDINANCE NO. 1008–14 IS PART OF THE OVERALL BUDGET PROCESS AND IS NOT SUBJECT TO REFERENDUM.

Wildwood adopted Ordinance No. 1008–14 pursuant to the Local Budget Law statutory scheme, *N.J.S.A.* 40A:4–1 to –88. This scheme governs how a municipality may create and pass a budget. The ordinance includes two separate, but interrelated provisions known as the "exceed the budget" provision and the "cap bank" provision, which were adopted pursuant to *N.J.S.A.* 40A:4–45.14(b) and *N.J.S.A.* 40A:4–45.15a of the Local Budget Law.

Pursuant to *N.J.S.A.* 40A:4–45.14(b):

> [I]n any year in which the cost-of-living adjustment is equal to or less than 2.5% a municipality may, by ordinance approved by a majority vote of the full membership of the governing body, provide that in the local fiscal year to which the ordinance applies, the final appropriations of the municipality shall be increased by a percentage rate greater than the cost-of-living adjustment, but not to exceed 3.5% over the previous year's final appropriations.

This allows a maximum increase of 3.5% in the budget over the previous year. The following passage of Ordinance No. 1008–14 was adopted pursuant to this section:

> In the CY 2014 budget year, the final appropriations of the City of Wildwood shall, in accordance with this ordinance and N.J.S.A. 40A:4–45.14 be increased by 3.5%,

amounting to $687,302, and that the CY 2014 municipal budget for the City of Wildwood be approved and adopted in accordance with this ordinance;

This is referred to as the "exceed the budget" provision. The next portion of the ordinance is established pursuant to the immediately succeeding section, *N.J.S.A.* 40A:4–45.15a of the Local Budget Law, which reads:

[A] municipality, which, for any local budget year beginning on or after July 1, 2004 for which the cost-of-living adjustment is equal to or less than 2.5%, increases its final appropriations in an amount less than 3.5%, shall be permitted, after adoption of an ordinance by the governing body, to appropriate the difference between the amount of its actual final appropriations and the 3.5% percentage rate, as an exception to its final appropriations in either of the next two succeeding years.

This allows a municipality to save or "bank" whatever portion of the 3.5% they could appropriate in the current year, but may not necessarily need, and defer the appropriations for use in either of the two successive years. This, when combined with the yearly ability to raise the budget by 3.5%, would allow a budget increase beyond the 3.5% increase otherwise permitted in one year. The following section of Wildwood's ordinance was passed pursuant to this authority: "BE IT FURTHER ORDAINED, that any amount authorized hereinabove that is not appropriated as part of the final budget shall be retained as an exception to final appropriation in either of the next two succeeding years." This is referred to as the "cap bank" section of the ordinance.

Following passage of the ordinance, plaintiff successfully gathered enough signatures to petition for a referendum on the "cap bank" portion of the ordinance. Wildwood determined that, by law, the ordinance was not subject to referendum. Plaintiff appeals this decision.

Wildwood is governed by the Walsh Act. Under the Walsh Act there is a mandatory twenty-day period between when an ordinance is adopted and when it becomes effective, with few exceptions:

No ordinance, except when otherwise required by the general laws of the State or the provisions of chapters 70 to 76 of this Title, and except an ordinance for the immediate preservation of the public peace, health or safety which contains a

statement of its urgency and is passed by a two-thirds vote of the board of commissioners, *shall take effect before 20 days from the time of its final passage.* [*N.J.S.A.* 40:74–4 (emphasis added).]

The purpose of the twenty-day period is to provide the opportunity for community members to petition for a referendum prior to the law becoming effective:

If within 20 days after the final passage of an ordinance . . . a petition signed by electors of the municipality equal in number to at least 15% of the entire vote cast at the last preceding general election at which members of the General Assembly were elected protesting against the passage of such ordinance, be presented to the board, it shall thereupon be suspended from going into operation and the board of commissioners shall reconsider the ordinance within 20 days of the presentation of the petition to the board. If the ordinance is not entirely repealed, the board shall submit it . . . to the vote of the electors of the municipality.

[*N.J.S.A.* 40:74–5.]

An exception to this right to referendum occurs when the Legislature specifically provides to the contrary. This distinction became the central focus of the Appellate Division in *Roseff v. Byram Twp.*, 432 *N.J.Super.* 8, 71 *A.*3d 905 (App.Div.2013).[1]

In *Roseff*, the voters petitioned for referendum an ordinance to raise the budget by 3.5% as permitted under the statute. *Id.* at 11, 71 *A.*3d 905. The Township argued that ordinances adopted pursuant to *N.J.S.A.* 40A:4–45.14 were not subject to referendum. *Id.* The court first noted that determining whether a statute eliminates a right to referendum was a matter of statutory interpretation. *Id.* at 12, 71 *A.*3d 905. The court's focus was on the language of *N.J.S.A.* 40A:4–45.14(c), which provides in part: "[a]n ordinance or resolution so adopted shall, notwithstanding any other provision of law, take effect immediately upon adoption." The court held that in mandating an ordinance adopted pursuant to this section become immediately effective, the Legislature intentionally and clearly carved out the right to referendum by

---

[1] Byram Township is organized pursuant to the Faulkner Act, *N.J.S.A.* 40:69A–1 to 210. The Faulkner Act has similar referendum provisions to the Walsh Act, and also requires, in most instances, a twenty-day period between the adoption and effective date of an ordinance so that the voters may petition for a referendum. *N.J.S.A.* 40:69A–185.

eliminating the twenty day period for which a voter could petition for referendum. *Roseff, supra,* 432 *N.J.Super.* at 11–12, 71 *A.*3d 905.

In the instant matter, plaintiff acknowledges the court's holding in *Roseff* and concedes that based upon this decision, the portion of Wildwood's ordinance raising the budget by 3.5% is not subject to referendum. Rather, plaintiff contends that the portion of Wildwood's ordinance authorizing the "banking" or retaining of any portion of that 3.5% for use in the subsequent two years is adopted pursuant to a different section of the statutory scheme, *N.J.S.A.* 40A:4–45.15a, which does not explicitly carve out an exception to referendum vote. Wildwood argues that, as part of the same statutory scheme, the "cap bank" provision too must become immediately effective and not subject to referendum.

The court first notes that the ordinance challenged in *Roseff* also included a provision permitting the banking of unused appropriations for use in future years adopted pursuant to section 15a.[2] *Roseff, supra,* 432 *N.J.Super.* at 11, 71 *A.*3d 905. However, the appellate decision does not address this portion of the ordinance or statutory scheme, but rather states that the narrow issue before the court was "whether an ordinance authorized by *N.J.S.A.* 40A:4–45.14 is subject to a referendum." *Id.* at 11, 71 *A.*3d 905. Therefore, the *Roseff* decision is not dispositive with regard to *N.J.S.A.* 40A:4–45.15a.

The court finds that the "cap bank" portion of Ordinance No. 1008–14, which allows Wildwood to bank its ability to raise the budget in subsequent years when authorized appropriations are not utilized in the current year, is not subject to referendum.

It is well settled that the passing of municipal budgets are exempt from referendum:

[T]he Legislature has established a comprehensive system pertaining to municipal budgets, debt and salaries. Indeed, the Legislature has complete control over the

[2] The solicitor for Wildwood has provided the court with a certified copy of the Byram Township ordinance for consideration.

financial affairs of a political subdivision which it has created. And, while the Legislature has dedicated fiscal and budgetary matters of a municipality exclusively to its governing body, *N.J.S.A.* 40:48–1, these functions are to be carried out only in the manner in which the Legislature establishes. Thus, the Local Budget Law, *N.J.S.A.* 40A:4–1 to –88, which applies to all municipalities, establishes specific procedures for preparing, introducing, adopting and implementing the municipal budget

. . . .

It is evident from both the legislative scheme and history that a municipality's budgetary powers under both the Local Budget Law and the Budget Cap Law "are, like the budgetary process exercised by a county, clearly subject to the dominion of the Legislature. Indeed, as already noted, the Court has recognized that municipal budgets are statutorily immune from the referendum process.

[*City of Ocean City v. Somerville*, 403 *N.J.Super.* 345, 363–66, 958 *A.2d* 465 (App.Div.2008) (citations omitted).]

The "exceed the budget" portion of the ordinance and the "cap bank" portion of the ordinance are both passed pursuant to the Local Budget Law statutory scheme and are intrinsic to the budgeting process. *N.J.S.A.* 40A:4–45.15a expressly refers to *N.J.S.A.* 40A:4–45.14 and states that whenever a budget increase is made pursuant to that related section, the municipality has the permission to defer that increase at its discretion. Section 45.15a is not a stand-alone provision, and an ordinance can only be adopted pursuant to this section when one is also adopted pursuant to section 45.14 to exceed the budget. As stated, the *Roseff* court explicitly found that the Legislature specifically and unequivocally did not intend provisions adopted pursuant to section 45.14 to be subject to referendum. The clear language of section 45.14 expressly requires ordinances adopted there under to be immediately effective. Section 45.15a relies on section 45.14 when an ordinance has been passed under that provision of the statute. Both provisions working together focus on the overall budget process, which is generally immune from referendum action. The Legislature, thus, contemplated that ordinances adopted pursuant to section 45.15a are not subject to referendum.

This proposition is supported in the law generally, where courts have held that when statutory provisions are meant to work in

conjunction with each other to achieve a comprehensive plan, where one is not subject to referendum, neither is the other.

> The citizens of New Jersey have no constitutional right to initiative and referendum. This right comes directly from the Legislature. What the Legislature giveth, the Legislature can taketh away. In this case, this court holds that the Legislature intended the Long Term Tax Exemption Law to work hand in hand with the Local Redevelopment and Housing Law, to form a comprehensive legislative scheme to encourage and support local economic initiatives targeted at economically depressed areas. In so doing, the Legislature made clear that it did not want such municipally sponsored plans to be subject to the Initiative and Referendum Law. To hold otherwise would clearly frustrate the legislative intent so evident throughout both statutes.
>
> [*Millennium Towers Urban Renewal L.L.C. v. Municipal Council of City of Jersey City*, 343 *N.J.Super.* 367, 778 A.2d 598 (Law Div.2001).]

In this case, the provisions are clearly meant to work together, and the "cap bank" provision is wholly reliant on the "exceed the budget" provision also being passed. The two provisions are directly interrelated as to the extent a budget may increase in one year, and how that increase may be used, either currently or in the future. Where one is explicitly not subject to referendum, to subject the other to referendum would impede the statutory purpose. The court finds that the legislative intent was to make the "cap bank" part of the budget process.

The court has also reviewed and finds compelling the model ordinance provided by the State of New Jersey, Department of Community Affairs, which specifically provides for the "exceed the budget" provision and the "cap bank" provision to be passed under one ordinance. Wildwood's ordinance is based off of this model. This provides further support that the two provisions are directly related and meant to work in harmony. When both are contemplated by a municipality, they should be passed together under one ordinance. The public is still afforded a right to a hearing on the ordinance for comment on both provisions. Because the section to exceed the budget becomes immediately effective, to allow the cap bank provision to be subject to referendum would frustrate the legislative intent. Allowing one to be subject to referendum would create uncertainty in the budget process, the very thing that the Local Budget Law seeks to counteract.

Finally, this would potentially have a harmful effect on local taxpayers. The threat of referendum creates uncertainty in budget forecasting, which in turn would encourage a municipality to raise the budget every year to the 3.5% maximum, even when the appropriations are not needed. On the other hand, allowing a municipality to defer the permission to appropriate those funds in the future gives a municipality a safety net, and unnecessary budget increases are not made on an annual basis. These provisions were meant to give a municipality flexibility in budgeting, so that municipalities would not feel compelled to make unnecessary, but legally permissive budget increases. The possibility of referendum and uncertainty that accompanies it removes the effectiveness of this intended flexibility.

For these reasons, the court finds that all sections of Wildwood Ordinance No. 1008–14 are exempt from referendum, including the "cap bank" portion. Plaintiff's request to put this to referendum is denied.

## CONCLUSION

For the reasons set forth hereinabove, the court finds that the "cap bank" provision of Wildwood Ordinance No. 1008–14 is not subject to a referendum vote. The court denies plaintiff's request to compel defendant to submit Wildwood Ordinance No. 1008–14 to a referendum vote.